UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SENQUE D. HEYWARD,

    Petitioner,

v.                                         Case No.   8:19-cv-2883-WFJ-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Heyward, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) that challenges several drug-related convictions. Respondent moves to dismiss the petition as time-barred (Doc. 11). Although afforded the opportunity (see Doc. 8, p. 3), Mr. Heyward has not responded to the motion. Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On March 21, 2014, Mr. Heyward pleaded guilty to multiple drug-related charges (Doc. 11-2, Respondent's Ex. 1). He was sentenced to 15 years in prison (*Id.*, Respondent's Ex. 2). His convictions were affirmed on appeal on November 14, 2014 (*Id.*, Respondent's Ex. 3).

On April 6, 2015, Mr. Heyward filed a Motion to Correct Illegal Sentence in state court (*Id.*, Respondent's Ex. 4). The motion was denied on June 24, 2015 (*Id.*,

1

Respondent's Ex. 5). Mr. Heyward did not appeal the denial of the motion.

On April 25, 2016, Mr. Heyward filed a Motion for Post-Conviction Relief under Rule 3.850, Florida Rules of Criminal Procedure (*Id.*, Respondent's Ex. 6). The motion was denied on May 4, 2016 (*Id.*, Respondent's Ex. 7). The denial of the motion was affirmed on appeal, and the appellate court mandate issued on March 13, 2017 (*Id.*, Respondent's Ex. 8).

On November 9, 2018, Mr. Heyward filed a Petition for a Writ of Habeas Corpus in the Florida Second District Court of Appeal (*Id.*, Respondent's Ex. 9). The petition was denied on December 17, 2018 (*Id.*, Respondent's Ex. 10). Mr. Heyward filed his federal habeas petition in this Court on November 19, 2019 (Doc. 1).

## Discussion

Respondent moves to dismiss the petition as time barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Heyward's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with

2

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mr. Heyward's judgment of conviction was affirmed by the appellate court on November 14, 2014. Consequently, for purposes of § 2244(d), the judgment became final ninety (90) days later on February 12, 2015. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Mr. Heyward's AEDPA statute of limitations period commenced on February 13, 2015. He therefore had until February 12, 2016, in which to file a timely federal habeas petition under § 2254. His habeas petition was filed in November 2019, more than three years later. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications.

After 51 days of the AEDPA limitations period elapsed, Mr. Heyward filed his first state post-conviction motion on April 6, 2015. Because Mr. Heyward did not appeal the June 24, 2015 order denying that motion, the AEDPA limitations period remained tolled through July 24, 2015, and recommenced on July 25, 2015. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (a post-conviction motion is considered "pending" and tolls the AEDPA statute of limitations until it is

3

fully resolved, which includes the time for filing an appeal, even if no appeal is filed); Fla.R.Crim.P. 3.850(k) (providing movant 30 days to timely appeal all orders denying motion for post-conviction relief).

Another 275 days of the AEDPA limitations period elapsed before it was tolled again on April 25, 2016, when Mr. Heyward filed his second post-conviction motion. The limitations period remained tolled through March 13, 2017, when the state appellate court issued its mandate after affirming the denial of the motion. *See Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 633 (11th Cir. 2017) ("In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion."). After the AEDPA limitations period recommenced on March 14, 2017, it expired 39 days later on Monday, April 24, 2017[1] (51 days + 275 days + 39 days = 365 days).[2] Accordingly, Mr. Heyward's petition is time-barred.[3]

---

1 Because the thirty-ninth day, April 22, 2017, fell on a Saturday, the deadline became Monday, April 24, 2017. See Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday. . .the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

2 Mr. Heyward filed his state petition for a writ of habeas corpus in November 2018. The petition, however, had no tolling effect as the limitations period had already expired. Once AEDPA's limitations period expires, it cannot be reinitiated. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir.2001), *cert. denied*, 534 U.S. 1144 (2002).

3 Mr. Heyward has not satisfied the requirements for equitable tolling of the limitations period, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), nor has he presented any arguments sufficient to support a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the

Mr. Heyward's petition (Doc. 1) is therefore **DISMISSED**. The Clerk shall enter judgment against Mr. Heyward and close this case.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Heyward cannot make that showing. And since he is not entitled to a certificate of appealability, he is not

statute of limitations.").

entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on March 25, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Senque D. Heyward, *pro se*
Counsel of Record